THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Daniel Ortiz,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>Kameo Anderson, et al.,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:24-cv-00106-DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

On June 18, 2024, Daniel Ortiz (Plaintiff) was granted leave to proceed *in forma pauperis* and filed a civil rights complaint against Defendants Kameo Anderson and Matthew Earl. Plaintiff claims he was "arrested and charged" by Defendant Anderson "for false allegations" made by a woman. Plaintiff also seeks the appointment of counsel.[1] For the reasons set forth herein the court DENIES the Motion to Appoint Counsel and ORDERS Plaintiff to file an amended complaint.

As a civil litigant, "[t]here is no constitutional right to appointed counsel in a civil case,"[2] and the issue of appointment "is left to the sound discretion of the district court."[3] When deciding whether to appoint counsel the court considers a variety of factors "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[4]

---

[1] ECF No. 6.

[2] *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1988) (per curiam),

[3] *Shabazz v. Askins,* 14 F.3d 533, 535 (10th Cir. 1994).

[4] *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation and citation omitted); *accord McCarthy v. Weinberg,* 753 F.2d 836, 838 (10th Cir. 1985).

Applying these factors here, the court concludes the appointment of counsel is not currently appropriate. The merits of Plaintiff's case are questionable given the scant number of factual issues raised and details provided in the Complaint. Plaintiff claims he was arrested and charged by a former Ogden City Detective Defendant Kameo Anderson based on false allegations made by a woman. That is the extent of the details provided by Plaintiff. The court therefore will deny the Motion for Appointment of Counsel.

When the court authorizes a party to proceed in forma pauperis, such as in this matter, the court may dismiss the case if it determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[5] In considering whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[6] To avoid dismissal under Rule 12(b)(6), a complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'"[7] The court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[8] But the court need not accept the plaintiff's conclusory

---

[5] 28 U.S.C. § 1915(e)(2)(B).

[6] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[7] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[8] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

allegations as true.[9] "[A] plaintiff must offer specific factual allegations to support each claim."[10] A complaint is frivolous where "'it lacks an arguable basis either in law or in fact.'"[11]

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."[12] Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."[13]

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[14] Moreover, it is improper for the court "to assume the role of advocate for a pro se litigant."[15] Thus, the court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."[16]

The court has reviewed Plaintiffs' Complaint under the liberal standards afforded it due to Plaintiff's pro se status. Even under this standard, Plaintiff's Complaint fails to meet the requirements of Rule 8.

---

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[11] *Tucker v. U.S. Ct. of App. for the Tenth Cir.*, 815 F. App'x 292, 293 (10th Cir. May 19, 2020) (unpublished) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

[12] Fed. R. Civ. P. 8.

[13] *TV Commc'ns Network, Inc. v ESPN, Inc*., 767 F. Supp. 1062, 1069 (D. Colo. 1991).

[14] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[15] *Id.*

[16] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

ORDER

IT IS HEREBY ORDERED that:

(1) Plaintiff's Motion for Appointment of Counsel is DENIED.

(2) Plaintiff is to file an Amended Complaint that complies with the requirements of Rule 8 on or before July 26, 2024.

(3) The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil rights complaint which Plaintiff must use if Plaintiff wishes to pursue an amended complaint.

(4) If Plaintiff fails to timely file an Amended Complaint that complies with Rule 8, this action may be dismissed.

DATED this 26 June 2024.

_____
Dustin B. Pead
United States Magistrate Judge