THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Daniel Ortiz,<br><br>                      Plaintiff,<br><br>v.<br><br>Kameo Anderson, et al.,<br><br>                      Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR ASSISTANCE<br><br>Case No. 1:24-cv-00106-DAK-DBP<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff's Motion for assistance in locating the Defendants' addresses.[1] As set forth herein, the court will deny the motion.

On August 7, 2025, the court entered an order requiring Plaintiff to submit to the court a summons and service of process form for each Defendant.[2] Plaintiff failed to comply with the court's order, and the District Judge dismissed this case for failure to prosecute.[3] Judge Kimball then reopened this matter and ordered Plaintiff to provide the same forms by January 6, 2026. Plaintiff was warned that this case may be dismissed if the forms are not timely submitted. Mr. Ortiz failed to comply and an order to show cause was entered. Plaintiff now moves the court for assistance after submitting blank forms.

Plaintiffs are responsible for providing sufficient information for service of process.[4] As noted by another court in this circuit, "[i]t is highly questionable that either court staff or employees of the USMS have a duty to mount an extensive search for and locate a defendant in a

---

[1] ECF No. 18.

[2] Order Regarding Service, ECF No. 12.

[3] Order Dismissing Case, ECF No. 14.

[4] *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (plaintiff proceeding in forma pauperis and pro se had responsibility to provide correct names and proper addresses for service of process).

civil case for personal service when a plaintiff has failed to provide an address or other sufficient information for service."[5] Indeed, providing such a free service for a plaintiff may call into question the impartiality of the court. "If the Marshals Service is unable to effectuate service ... with the information ... provided, the onus remains upon plaintiff to discover and submit sufficient information for service of all defendants named" in the lawsuit.[6] This duty does not change when a plaintiff is incarcerated.[7]

Accordingly, Plaintiff's Motion is DENIED.

IT IS FURTHER ORDERED that Plaintiff is to submit to the Clerk's Office the required summons (AO 440) and service of process form (USM-285) for each named Defendant with the required information by April 30, 2026. If the forms are not timely submitted this matter will be dismissed.

IT IS SO ORDERED.

DATED this 17 March 2026.

_____
Dustin B. Pead
United States Magistrate Judge

---

[5] *Leek v. Thomas*, No. 09-3036-SAC, 2009 WL 2876352, at *2 (D. Kan. Sept. 2, 2009).

[6] *Id. See also Franks v. Waite*, No. 04-3396-SAC, 2009 WL 640777, at *2 (D. Kan. Mar. 11, 2009) ("plaintiff bears the responsibility of prosecuting his case with due diligence" which includes providing information for defendants).

[7] *See Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir.1994) (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service), *overruled on other grounds by Sardin v. Conner et al.*, 515 U.S. 472, 483-84 (1995).