THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Daniel Ortiz, <br><br> Plaintiff, <br><br> v. <br><br> Kameo Anderson, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 1:24-cv-00106-DAK DBP <br><br> Judge Dale A. Kimball <br><br> Magistrate Judge Dustin B. Pead |

This matter is before the court on three motions from pro se Plaintiff Daniel Ortiz.[1]

Plaintiff moves the court to appoint counsel,[2] for reconsideration,[3] and to extend the service deadline and reissue summons.[4] The court denies each of these motions as set forth herein.

On June 18, 2024, Plaintiff was granted leave to proceed *in forma pauperis* and filed a civil rights complaint against multiple Defendants. Plaintiff claims he was "arrested and charged" by Defendant Anderson "for false allegations" made by a woman. As the court noted previously in denying a prior motion for appointment of counsel, Plaintiff is a civil litigant and "[t]here is no constitutional right to appointed counsel in a civil case[.]"[5] The issue of appointment "is left to the sound discretion of the district court."[6] When deciding whether to appoint counsel the court considers a variety of factors "including the merits of the litigant's

---

[1] This case is referred to the undersigned from Judge Dale Kimball pursuant to 28 U.S.C. § 636 (b)(1)(B). ECF No. 8. Judge Kimball dismissed this case but then reopened it. ECF No. 16.

[2] ECF No. 37.

[3] ECF No. 38.

[4] ECF No. 35.

[5] *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1988) (per curiam),

[6] *Shabazz v. Askins,* 14 F.3d 533, 535 (10th Cir. 1994).

claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[7]

Applying these factors here, the court concludes the appointment of counsel is once again not appropriate. The merits of Plaintiff's case, the factual issues raised, their complexity, and Plaintiff's ability to present his claims all undermine the appointment of counsel. Plaintiff offers nothing in his new motion that persuades the court otherwise. Plaintiff's Motion for Appointment of Counsel is DENIED.

Next, Plaintiff moves the court for reconsideration.[8] It is unclear from Plaintiff's Motion exactly what court decision Plaintiff seeks to have reconsidered. Plaintiff states he "moves this Court for reconsideration of its prior order and requests that service of process upon the Defendants be effectuated by the United States Marshal Service."[9] The court already ordered service of process upon Defendants so there is nothing to reconsider on that front. Perhaps Plaintiff disagrees with the burden that is his to provide correct names and proper addresses for service of process. However, Plaintiff offers no contrary authority to that already noted by the court in a prior order denying his motion for assistance.[10] As such, the court DENIES Plaintiff's Motion for Reconsideration.

---

[7] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation and citation omitted); *accord McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[8] ECF No. 38.

[9] Motion at 1.

[10] *See Franks v. Waite*, No. 04-3396-SAC, 2009 WL 640777, at *2 (D. Kan. Mar. 11, 2009) ("plaintiff bears the responsibility of prosecuting his case with due diligence" which includes providing information for defendants); *Leek v. Thomas*, No. 09-3036-SAC, 2009 WL 2876352, at *2 (D. Kan. Sept. 2, 2009); *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (plaintiff proceeding in forma pauperis and pro se had responsibility to provide correct names and proper addresses for service of process).

In similar fashion, Plaintiff requests an extension of service deadline, to reissue summons, and direct the U.S. Marshall to again serve Defendant Kameo Anderson.[11] Plaintiff asserts he made a good faith effort to serve Defendant Kameo Anderson, but he does not have access to Defendant Anderson's private home address and the prior summons was returned unexecuted. As noted by another court in this circuit, "[i]t is highly questionable that either court staff or employees of the USMS have a duty to mount an extensive search for and locate a defendant in a civil case for personal service when a plaintiff has failed to provide an address or other sufficient information for service."[12] Once again it is Plaintiff's duty to provide correct names and proper addresses for service of process. Plaintiff offers no contrary authority, and the court is not aware of such authority. The court therefore DENIES this Motion.

ORDER

For the forgoing reasons Plaintiff's

(1) Plaintiff's Motion to Appoint Counsel is DENIED.[13]

(2) Plaintiff's Motion for Reconsideration is DENIED.[14]

(3) Plaintiff's Motion to Extend and Reissue Summons is DENIED.[15]

DATED this 29 June 2026.

_____
Dustin B. Pead
United States Magistrate Judge

---

[11] ECF No. 35.

[12] *Leek*, 2009 WL 2876352, at *2.

[13] ECF No. 37.

[14] ECF No.

[15] ECF No. 35.