## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| **DANIEL ORTIZ**,<br><br>       Plaintiff,<br><br>vs.<br><br>**KAMEO ANDERSON and MATTHEW J. EARL**,<br><br>       Defendants. | **MEMORANDUM DECISION AND ORDER RE: OBJECTION TO MAGISTRATE JUDGE DECISION**<br><br>Case No. 1:24-cv-106-DAK-DBP<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

This matter is before the Court on Plaintiff's Limited Objection Under Federal Rule Of Civil Procedure 72(a) To The Portion Of The June 30, 2026 Memorandum Decision And Order Denying Extension Of Time To Serve Defendant Kameo Anderson And Reissuance Of Summons ("Objection") [ECF No. 41].

District courts are highly deferential to Magistrate Judges' rulings, and "review a Magistrate Judge's orders on nondispositive matters under a clearly erroneous or contrary to law standard." *Combe v. Cinemark USA, Inc.*, No. 1:08-CV-142 TS, 2009 WL 3584883, at *1 (D. Utah Oct. 26, 2009). "The clearly erroneous standard applies to factual findings and requires an affirmation of the Magistrate Judge's decision unless 'on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991). "The contrary to law standard however, permits the district court to conduct a plenary review of the magistrate[']s purely legal determinations and may set aside an order if the wrong legal standard was applied." *Id.*

Plaintiff argues that Magistrate Judge Pead failed to consider whether a permissive extension of the service deadline was warranted under Federal Rule of Civil Procedure 4(m). Under Rule 4(m), the court first determines whether a plaintiff has demonstrated good cause for failing to timely effect service.  If good cause exists, an extension is mandatory.  If good cause is absent, however, the inquiry does not end.  The court "must still consider whether a permissive extension of time may be warranted." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Whether to grant such an extension remains within the court's discretion. *Id.*

As an initial matter, Plaintiff did not argue before the Magistrate Judge that a permissive extension was warranted notwithstanding the absence of good cause. Arguments raised for the first time in an objection to a magistrate judge's ruling are generally deemed waived. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *U.S. v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001); *Reyes v. Larimer County*, 796 Fed. Appx. 497, 499 (10th Cir. 2019).  Although the Court construes Plaintiff's pro se filings liberally, his pro se status does not require the Court to consider arguments not presented to the magistrate judge in the first instance.  For the same reason, the Court need not consider the address Plaintiff now provides and believes to be Anderson's current address.  That information was not presented to the Magistrate Judge and therefore does not establish that the Magistrate Judge's ruling, based on the record then before him, was clearly erroneous or contrary to law.

Even considering Plaintiff's argument, however, the Court finds no basis to conclude that the Magistrate Judge failed to consider whether additional time was warranted.  In denying Plaintiff's motion Magistrate Judge Pead considered Plaintiff's asserted good faith efforts to serve Anderson, Plaintiff's inability to locate Anderson's address and his resulting request for

additional time and assistance effecting service. The Magistrate Judge nevertheless concluded that these circumstances did not warrant the requested relief because Plaintiff remained responsible for providing the correct name and proper address for service.

*Espinoza* requires consideration of whether a permissive extension is warranted notwithstanding the absence of good cause. It does not require that an extension be granted. Magistrate Judge Pead's order reflects consideration of the circumstances Plaintiff presented in support of additional time and concludes that those circumstances did not warrant further relief. Accordingly, the Court is not left with a definite and firm conviction that the Magistrate Judge's order was contrary to law. Plaintiff's objection is therefore overruled.

DATED this 5th day of August 2026

BY THE COURT:

Judge Dale A. Kimball,
United States District Judge