THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Daniel Ortiz,<br><br>Plaintiff,<br>v.<br><br>Kameo Anderson, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:24-cv-00106-DAK-DBP<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

This matter comes before the court on two motions brought by Plaintiff Daniel Ortiz who is proceeding *pro se*. Plaintiff seeks to file a Second Amended Complaint.[1] And Plaintiff also seeks to stay the proceedings.[2] The court denies both motions as set forth herein.

**BACKGROUND**

This action arises from an alleged malicious prosecution arising from an investigation, charges of rape and forcible sexual abuse, and the eventual dismissal of those charges. Plaintiff filed suit in June 2024 alleging violations of his Constitutional rights. Finding that Plaintiff's Complaint failed to comply with Federal Rules of Civil Procedure 8, the court ordered Plaintiff to file an Amended Complaint.[3] Plaintiff filed an Amended Complaint on July 25, 2024, and the court subsequently authorized service of process.[4]

Following Plaintiff's failure to comply with the service order, the court dismissed the action in November 2025. Upon Plaintiff's motion, the court reopened the case on November 25,

[1] ECF No. 34.

[2] ECF No. 44.

[3] Memorandum Decision and Order dated June 26, 2024, ECF No. 7.

[4] Order Regarding Service, ECF No. 12.

2025. Because Plaintiff again failed to actively prosecute this case, the court entered an Order to Show Cause in January 2026. Plaintiff ultimately complied with the court's order, and service was issued in April 2026.

Defendant Matthew Earl thereafter moved to dismiss the action. The court addresses that Motion in a separate decision. Following Defendant Earl's motion, Plaintiff filed a Motion to Amend that the court addresses herein. Most recently, Plaintiff filed a Motion to Stay, requesting a 60-day stay of proceedings from September 14, 2026, due to his admission into an inpatient residential rehabilitation treatment facility.

## LEGAL STANDARDS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[5] When considering a motion for stay, a court must "balanc[e] the competing interests on both sides."[6] The movant must "make a strong showing of necessity" or "a clear case of hardship or inequity."[7]

Under Federal Rule 15 leave to amend should be freely given when justice requires.[8] However, leave may be denied upon showing undue delay, bad faith, dilatory motive by the movant seeking to amend, a failure to cure deficiencies when amending, prejudice to the opposing party or futility of amendment.[9] "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[10]

---

[5] Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).

[6] Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc., 713 F.2d 1477, 1484 (10th Cir. 1983).

[7] *Id.*

[8] Fed. R. Civ. P. 15(a).

[9] *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).

[10] *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

## DISCUSSION

### I. Motion to Stay

Plaintiff seeks a 60-day stay of proceedings from September 14, 2026, due to his admission into an inpatient residential rehabilitation treatment facility. While the court recognizes that admission into a treatment facility may present practical challenges to actively prosecuting this action, Plaintiff has failed to make the strong showing of necessity or demonstrate the clear hardship or inequity required to justify a stay. The pending motions cited in Plaintiff's motion are already fully briefed. Consequently, no immediate filings or responses are required during treatment. Furthermore, because Plaintiff anticipates completing the program in approximately two months, that timeframe will conclude shortly. A stay is therefore unnecessary.

### II. Motion to File a Second Amended Complaint

Plaintiff moves the court for leave to file a Second Amended Civil Rights Complaint.[11] Attached to the Motion is Plaintiff's proposed pleading which adds "specific factual allegations" regarding Defendant Earl.[12] These include:

> specific false probable-cause statements, the facts showing why those statements were false or misleading, the exculpatory suspect-description facts, Plaintiff's written notice to the prosecution that the wrong person had been charged, Plaintiff's state Rule 65B or equivalent habeas filing raising the same facts, the materiality of those facts to probable cause, and the injuries Plaintiff suffered.[13]

---

[11] ECF No. 34.

[12] *Id.* at 1.

[13] *Id.*

Plaintiff asserts that these additions were added in response to Defendant's Motion to Dismiss to address Defendant Earl's knowledge, his specific false statements, and the "connection between the false probable-cause statement and Plaintiff's continued detention and prosecution."[14]

In opposition, Defendant Earl argues that the proposed amendment is futile because "[f]iling charges and prosecuting a criminal case are basic advocacy functions protected by absolute prosecutorial immunity." [15] Consequently, adding or modifying the factual allegations is immaterial. In essence, Defendant contends that the "immunity question here turns on the nature of the act Mr. Earl performed, not the factual circumstances surrounding it."[16]

Having reviewed the proposed Second Amended Complaint, the court agrees with Defendant. Although the proposed pleading adds factual details regarding a suspect description mismatch, and a letter sent by Plaintiff, the underlying conduct attributed to Defendant remains limited to filing the criminal information and continuing the prosecution. That conduct forms the core of both the First Amended Complaint and the proposed Second Amended Complaint. Because those acts are central to the question of absolute prosecutorial immunity in either pleading, the proposed amendment would be futile. The viability of the First Amended Complaint is addressed in a separate decision, and allowing the proposed amendment would not alter the court's analysis.

**ORDER**

For the reasoning set forth above, Plaintiff's Motions are DENIED.

IT IS SO ORDERED.

---

[14] *Id.*at 3.

[15] Defendant Matthew J. Earl's Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint, at 2, ECF No. 26.

[16] *Id.*

DATED this 2 November 2026.

Dustin B. Pead
United States Magistrate Judge